IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:20-CV-00095-M

| | |
|---|---|
| EDWARD LEE ANDERSON, as Administrator of the Estate of Cory Anderson, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN HEALTH PARTNERS, INC.; COUNTY OF BEAUFORT, NORTH CAROLINA; ERNIE COLEMAN, in his official capacity as Sheriff of Beaufort County, North Carolina; and THE OHIO CASUALTY INSURANCE COMPANY, <br><br> Defendants. | **ORDER** |

This matter comes before the Court on the motion for partial dismissal filed by Defendant Southern Health Partners, Inc. ("SHP") on August 17, 2020 pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE-27] For the reasons that follow, SHP's motion is granted.

## I. Statement of Facts

The following are facts (as opposed to legal conclusions, threadbare recitals of elements, or conclusory statements) alleged by the Plaintiff in the operative Complaint and taken as true pursuant to *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017).

From April 28, 2017 to May 7, 2017, Cory Anderson ("Decedent") served a thirty-day sentence at the Beaufort County Detention Center in Beaufort County, North Carolina for a conviction of driving while under the influence. Decedent was a recovering addict who suffered from anxiety and high blood pressure during the time of his detention. Defendants and/or their

agents were aware of the Decedent's medical conditions and the medications he was prescribed and took at the time. At some point during his detention, Decedent complained to Defendants and/or their agents and employees about excessive coughing, vomiting, and nausea. Specifically, Decedent complained that he had a "severe" cough, "so bad he thought he had pulled a muscle in his chest," and informed Defendants and other prisoners that he was "very sick." Defendants were aware that Decedent had been coughing for more than forty-eight hours, had a fever, and suffered high blood pressure and nausea. Defendants did not respond to Decedent's requests for medical care and told him "it was just alcohol withdrawal." Decedent developed pneumonia, sepsis, and dehydration and was rushed to the hospital on May 7, 2017. Decedent passed away on May 8, 2017.

## II.   Procedural History

Based on these facts, Plaintiff Edward Lee Anderson ("Plaintiff") alleges the following claims against SHP: (1) failure to implement adequate policies and failure to train or supervise pursuant to 42 U.S.C. § 1983; (2) deliberate indifference by SHP's employees under a theory of vicarious liability (or, *respondeat superior*) pursuant to 42 U.S.C. § 1983; (3) ordinary negligence; (4) breach of contract; and (5) punitive damages. Compl., DE-1-1. The action was removed to this Court from Beaufort County Superior Court on June 3, 2020 pursuant to 28 U.S.C. § 1331 governing federal question jurisdiction. *See* Notice, DE-1. SHP responded to the Complaint by filing the present motion to dismiss all claims, except the § 1983 municipal liability claim for alleged failures to implement adequate policies, train, or supervise pursuant to *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).[1] SHP argues that Plaintiff fails to state

---

[1] SHP, purportedly a private company, does not address whether its actions may be construed as

2

plausible claims for deliberate indifference, negligence, breach of contract, and punitive damages pursuant to Fed. R. Civ. P. 12(b)(6). Although provided the opportunity to do so, Plaintiff did not file a response to the motion within the time required by this District's Local Civil Rule 7.1(f)(1).

## III. Legal Standards

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant against whom a claim has been brought can challenge a pleading's sufficiency under Rule 8 by moving the court pursuant to Rule 12(b)(6) to dismiss the pleading for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor, *Hall*, 846 F.3d at 765, but any legal conclusions proffered by the plaintiff need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

---

taken "under color of state law," which is a necessary showing for a § 1983 claim. *See West v. Atkins*, 487 U.S. 42, 54 (1988). As it happens, the Fourth Circuit has determined that "the principles of § 1983 municipal liability articulated in *Monell* and its progeny apply equally to a private corporation" that contracts with a municipality for medical services. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999). Therefore, assuming the existence of a medical services contract between SHP and Defendant Beaufort County, it is possible that SHP may be held liable under § 1983 for unconstitutional conduct arising from its contractual duties. *See id.*

3

To survive a Rule 12(b)(6) motion, the plaintiff's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that a plaintiff's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level"; that is, plausibility "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

IV. **Analysis**

SHP contends that four of the five claims Plaintiff alleges against it fail to state plausible claims for relief; the Court will address each challenged claim in turn.

    A. <u>Negligence</u>

In his second cause of action, Plaintiff alleges that SHP breached its duties to "conduct routine and regular checks on Decedent for wellness, check Decedent's blood pressure, follow up with the Decedent's complaint of uncontrolled coughing, order regular and prescribed medications and/or medical device supplies, and timely provide any and all ordered medications and/or medical

4

device supplies to Decedent." Compl. at ¶ 42.[2] Plaintiff's prayer for relief seeks damages "in an amount in excess of $25,000.00, with interest" and punitive damages. *Id.* at 26.

SHP argues that Plaintiff's negligence claim is, in fact, "an untimely claim for wrongful death" and, thus, the claim should be dismissed. "A wrongful death claim is a 'distinct and separate' cause of action created by N.C. Gen. Stat. § 28A–18–2" which "accrues upon the decedent's death and remedies misconduct causing death specifically." *Taylor*, 86 F. Supp. 3d at 453 (citing *Dunn v. Pac. Employers Ins. Co.*, 332 N.C. 129, 134, 418 S.E.2d 645, 648 (1992)). In describing the relationship between a survivorship claim and a wrongful death claim, the *Taylor* court interpreted North Carolina law finding, "when a defendant has caused a decedent injuries that ultimately result in death, any survivorship claim merges into the wrongful death claim, with the latter providing the 'only remedy.'" *Id.* at 454 (quoting *Bolick v. S. Ry. Co.*, 138 N.C. 370, 50 S.E. 689, 690 (1905)). In fact, the North Carolina Court of Appeals has held that "when a single negligent act of the defendant causes a decedent's injuries and those injuries unquestionably result in the decedent's death, the plaintiff's remedy for the decedent's pain and suffering and medical expenses lies only in a wrongful death claim. Such claim is 'encompassed by the wrongful death statute' and 'must be asserted under that statute.'" *State Auto Ins. Co. v. Blind*, 185 N.C. App. 707, 713, 650 S.E.2d 25, 29 (2007) (quoting *Christenbury v. Hedrick*, 32 N.C. App. 708, 712, 234 S.E.2d 3, 5 (1977)).

Notably, "when 'the elements of damage which [a] plaintiff seeks to recover' are recoverable under N.C. Gen. Stat. § 28A–18–2(b), a wrongful death action is the only action that

---

[2] Although not specified in the Complaint, the Court construes Plaintiff's action as one of "survivorship" in which "a decedent's right to prosecute or defend an action survives the decedent's death, with the right to sue or defend surviving only for the personal representative of the decedent's estate." *Taylor v. Norfolk S. Ry. Co.*, 86 F. Supp. 3d 448, 453 (M.D.N.C. 2015) (citing N.C. Gen. Stat. § 28A–18–1(a)).

5

the plaintiff may sustain to recover those damages." *Id.* at 712, 650 S.E.2d at 28. These "elements of damage" include the pain and suffering of a decedent and medical expenses incurred by a decedent. *Id.* In *Blind*, the court found that a common law negligence claim brought pursuant to the survivorship statute was untimely because the plaintiff sought to recover damages that were "identical to damages plaintiff could have recovered in its 'wrongful death action,' if plaintiff had filed its complaint in a timely manner." *Id.* at 713, 650 S.E.2d at 29.

In this case, the Court finds Plaintiff's negligence claim is "encompassed" by the wrongful death statute. Under the statute, a plaintiff may recover:

(1) Expenses for care, treatment and hospitalization incident to the injury resulting in death;
(2) Compensation for pain and suffering of the decedent;
(3) The reasonable funeral expenses of the decedent;
(4) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;
    a.    Net income of the decedent,
    b.    Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,
    c.    Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

(5) Such punitive damages as the decedent could have recovered pursuant to Chapter 1D of the General Statutes had the decedent survived, and punitive damages for wrongfully causing the death of the decedent through malice or willful or wanton conduct, as defined in G.S. 1D-5; . . . .

N.C. Gen. Stat. § 28A–18–2(b). As set forth above, the Plaintiff seeks recovery of monetary and punitive damages, both of which are available for a statutory wrongful death claim. *See* Compl. at 26.

SHP argues that Plaintiff's wrongful death claim is untimely. "To come within the statute of limitations, an action for wrongful death must be filed within two years of the decedent's death, and, on the date of the death, the decedent's underlying claim must not have been barred by the

6

statute of limitations for bodily injury." *Taylor*, 86 F. Supp. 3d at 453 (citing *Dunn*, 418 S.E.2d at 647). Here, the Plaintiff alleges the Decedent passed away on May 8, 2017 and Plaintiff filed the action on May 7, 2020; thus, the claim is facially barred by the two-year statute of limitations. To the extent any equitable relief is available, Plaintiff neither alleges facts nor proffers an argument supporting such relief.

Therefore, the Court must conclude that Plaintiff's second cause of action for negligence fails to state a plausible claim against SHP. In light of this conclusion, the Court need not address SHP's argument regarding a violation of Rule 9(j) of the North Carolina Rules of Civil Procedure.

B.   Deliberate Indifference

For his seventh cause of action, Plaintiff alleges that SHP's agents and employees, including nurses, had actual or constructive knowledge that Decedent had a serious medical condition and was in need of prescription medication and/or medical device supplies, but SHP failed to provide the Decedent necessary medical care and treatment during his detention at the Beaufort County Detention Center. Compl. at ¶¶ 79-82. SHP argues that it cannot be held vicariously liable (pursuant to a *respondeat superior* theory) for the conduct of its employees or agents under 42 U.S.C. § 1983 and, thus, Plaintiff's claim must be dismissed.

In *Monell*, 436 U.S. at 688-89, the Supreme Court held that municipalities and other local governmental bodies constitute "persons" who can be sued within the meaning of § 1983; the Court, however, "has consistently refused to impose § 1983 liability upon a municipality under a theory of *respondeat superior*." *Austin*, 195 F.3d at 727 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). As noted above, the Fourth Circuit has determined that the principles of § 1983 municipal liability apply equally to a private corporation that contracts with a municipality. *Id.* at 727-28. Thus, "a private corporation is not liable under § 1983 for torts

7

committed by [the corporation's employees] when such liability is predicated solely upon a theory of *respondeat superior.*" *Id.* at 728 (citations omitted); *see also Clark v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009) (finding private corporation that provided medical services to prison facility not liable for actions of medical staff at the prison).

Under *Monell* and its progeny, a municipality "is subject to § 1983 liability only when 'it causes [ ] a deprivation through an official *policy or custom.*'" *Austin*, 195 F.3d at 727 (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir.1999)) (emphasis in original). "Municipal policy may be found in written ordinances and regulations, in certain affirmative decisions of individual policymaking officials, or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens." *Carter*, 164 F.3d at 218 (internal citations omitted). Municipal custom "may arise if a practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* (internal quotation marks omitted).

Here, the Plaintiff identifies no policy or custom nor alleges facts supporting any policy or custom on the part of SHP, which allegedly deprived the Decedent of his Eighth Amendment[3] right against deliberate indifference. Rather, Plaintiff alleges that the conduct of SHP's "agents and employees, including but not limited to nurses" caused the deprivation of Decedent's constitutional rights. Compl. at ¶¶ 79-83. As such, Plaintiff's claim is predicated on a theory of

---

[3] Although the Plaintiff references both "inmates and pretrial detainees held at the Beaufort County Detention Center," and pretrial detainees' rights against deliberate indifference are governed by the Fourteenth Amendment's due process clause (*see Hall v. Holsmith*, 340 F. App'x 944, 946 (4th Cir. 2009) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988))), Plaintiff alleges the Decedent was serving a "sentence" at the facility and, thus, as a "convicted prisoner," his claim is governed by the Eighth Amendment.

8

*respondeat superior* and is insufficient to state a plausible claim against SHP. The Court will grant the motion to dismiss Plaintiff's seventh claim for relief against SHP.

### C. Breach of Contract

For his eighth cause of action, Plaintiff alleges that Decedent was an intended third-party beneficiary of a service contract between SHP and Beaufort County Detention Center and was injured by SHP's breach of the contract in "failing to provide adequate and appropriate medical care and treatment to the Decedent." Compl. at ¶¶ 96-98. SHP argues that Plaintiff fails to allege the contract was intended for Decedent's "direct" (as opposed to "incidental") benefit and, to the extent Plaintiff's allegations support a tort claim, such claim should be dismissed as time-barred.

To establish a claim as a third-party beneficiary, a plaintiff must show:

(1) that a contract exists between two persons or entities; (2) that the contract is valid and enforceable; and (3) that the contract was executed for the direct, and not incidental, benefit of the [third party]. A person is a direct beneficiary of the contract if the contracting parties intended to confer a legally enforceable benefit on that person. It is not enough that the contract, in fact, benefits the [third party], if, when the contract was made, the contracting parties did not intend it to benefit the [third party] directly. In determining the intent of the contracting parties, the court "should consider [the] circumstances surrounding the transaction as well as the actual language of the contract."

*Revels v. Miss Am. Org.*, 182 N.C. App. 334, 336, 641 S.E.2d 721, 723–24 (2007) (quoting *Holshouser v. Shaner Hotel Grp. Props. One*, 134 N.C. App., 391, 299-400, 518 S.E.2d 17, 25 (1999), *disc. review denied*, 351 N.C. 104, 540 S.E.2d 362 (1999), *aff'd*, 351 N.C. 330, 524 S.E.2d 568 (2000)).

As relevant here, "'[w]hen a third person seeks enforcement of a contract made between other parties, the contract must be construed strictly against the party seeking enforcement.'" *Id.* Therefore, to survive a motion to dismiss, "the allegations in the complaint must be sufficient to overcome a presumption that the contracting parties did not intend to confer a legally enforceable

9

benefit on the plaintiff." *Fen-Phen Series 2005-01 v. Farrin*, No. 1:09CV479, 2010 WL 1740521, at *3 (M.D.N.C. Apr. 28, 2010), *report and recommendation adopted sub nom. Fen-Phen Series 2005-01 v. James Farrin, P.C.*, No. 1:09CV479, 2010 WL 9109369 (M.D.N.C. July 19, 2010), *aff'd sub nom. Fen-Phen Series 2005-01, A Series of Captran Funding, LLC v. James S. Farrin, P.C.*, 436 F. App'x 150 (4th Cir. 2011) (citation omitted). Here, Plaintiff alleges:

> Upon information and belief, Defendant SHPI entered into a valid and binding contract with Defendant Beaufort County and/or Defendant Coleman for the purpose of providing medical care and treatment to inmates and pretrial detainees held at the Beaufort County Detention Center, including the Decedent. At all times during the execution and fulfillment of the above-described contracts, all parties to said contracts intended that the inmates and pretrial detainees held at the Beaufort County Detention Center, including the Decedent, were third-party beneficiaries of said contracts.

Compl. ¶¶ 96, 97. For purposes of the present motion, SHP does not dispute that it entered into a binding contract with Defendants Beaufort County and/or Coleman and that it provides medical care and treatment to inmates at the facility. Rather, SHP contends that Plaintiff fails to allege the Decedent was a *direct* beneficiary to the contract.

The Court takes the allegations as true and finds the Plaintiff asserts that in entering a contract for medical services, SHP and the prison facility intended that Beaufort County Detention Center's inmates, including Decedent, were third-party beneficiaries of the contract. Under North Carolina law, this allegation is insufficient to state a third-party beneficiary claim. In *Hoots v. Pryor*, 106 N.C. App. 397, 417 S.E.2d 269 (1992), the court was asked to determine whether a plaintiff stated a viable third-party beneficiary claim for a purported breach of a contract between a landowner and a utilities company, which granted to the utilities company an easement and required it to erect barriers to prevent motor vehicle access onto the easement. *Id.* at 409, 417 S.E.2d at 277. The court found the plaintiff, who was injured when he attempted to drive his vehicle along the easement next to a gas pipeline ditch, failed to state a breach of contract claim

10

by alleging he "was a member of a class of persons, to wit: a passenger in a motor vehicle, which vehicle had invited access to the public access and recreational areas abutting, touching, and traversing the gas line easement granted to [defendant landowner] by [co-defendant utilities company]. Said class was intended by the contracting parties to be benefited by said provisions for barriers and permanent structures as before set out." *Id.*[4] Likewise, in this case, the Plaintiff alleges he was a member of a class of persons—i.e., inmates and pretrial detainees held at the Beaufort County Detention Center—whom the service contract was intended to benefit. The Court must conclude that, under *Hoots*, Plaintiff's allegations do not state a plausible breach of contract claim.[5] *See id.* ("An allegation that plaintiff is a member of a class of persons 'intended' by the contracting parties to be benefited falls far short of alleging that the contract was entered into for the direct, not incidental, benefit of plaintiff.").[6] The Court will grant the motion to dismiss Plaintiff's eighth claim for relief against SHP.

---

[4] *Hoots* was issued years prior to the Supreme Court's opinions in *Iqbal* and *Twombly* under the following standard: "[A] complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" *Hoots*, 106 N.C. App. at 405, 417 S.E.2d at 275 (quoting *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970)) (emphasis in original).

[5] Here, the Court was not provided a copy of the contract described in the Complaint. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (when a document is attached to a pleading or a motion to dismiss, "'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'") (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

[6] *Cf. Mathis v. GEO Grp., Inc.*, No. 2:08-CT-21-D, 2009 WL 10736631, at *20-21 (E.D.N.C. Nov. 9, 2009) (court dismissed breach of contract claims by prisoner plaintiffs alleging injuries as third-party beneficiaries to a medical services contract between the Bureau of Prisons and GEO Group based on interpretation of federal common law and a review of the language of the contract, which was attached to the complaint).

11

D. Punitive Damages

For his ninth cause of action, Plaintiff alleges he is entitled to punitive damages for SHP's "willful and wanton conduct and the conscious and intentional disregard of, and indifference to, the rights and safety of others, which [SHP] knew, or should have known, [were] likely to result in injury, damage or other harm to Decedent." Compl. at ¶ 102. SHP argues that, to the extent Plaintiff seeks punitive damages under state law, the claim should be dismissed.

Under North Carolina law, a claim for punitive damages cannot survive as a separate cause of action. *Newton v. Barth*, 248 N.C. App. 331, 345, 788 S.E.2d 653, 664 (2016); *see also Watson v. Dixon*, 352 N.C. 343, 348, 532 S.E.2d 175, 178 (2000) ("As a rule, you cannot have a cause of action for punitive damages by itself. If the complainant fails to plead or prove his cause of action, then he is not allowed an award of punitive damages because he must establish his cause of action as a prerequisite for a punitive damage award."). The Court has dismissed Plaintiff's state law causes of action alleged against SHP. Accordingly, Plaintiff may not recover punitive damages under state law and the Court will grant the motion to dismiss Plaintiff's ninth claim for relief against SHP.[7]

**V. Conclusion**

The Court has determined that Plaintiff fails to state plausible claims against SHP for negligence (second cause of action), deliberate indifference in violation of the Eighth Amendment under a *respondeat superior* theory (seventh cause of action), breach of contract (eighth cause of action), and punitive damages under North Carolina law (ninth cause of action). Therefore,

---

[7] SHP does not challenge whether Plaintiff may seek punitive damages for the remaining sixth cause of action; however, the Court notes that the measure of damages in an action brought under 42 U.S.C. § 1983 is governed by federal law and punitive damages may not be recovered against a municipal entity. *See City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981).

12

Defendant's motion for partial dismissal [DE-27] is GRANTED. Plaintiff's sixth cause of action for municipal liability (alleging failures to implement adequate policies, train, or supervise) will proceed against SHP.

SO ORDERED this 26th day of October, 2020.

*Richard E. Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE